UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JENNYFER C. VIVAS

    Plaintiff,

v.

FARMASI US LLC,

    Defendant,
_____/

# COMPLAINT

Comes now the Plaintiff, Jennyfer C. Vivas, by and through the undersigned counsel, and hereby sues Defendant Farmasi US LLC, and alleges:

## Introduction

This is an action for equitable and monetary relief brought by Plaintiff to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 USC. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1). Defendant interfered with Plaintiff's rights to take FMLA leave and terminated her employment because of FMLA-protected absences to take care of her son's serious medical condition.

## Jurisdiction Venues and Parties

1. This is an action for damage whose amount exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of interest, attorney's fees, and costs.

2. Plaintiff Jennyfer C. Vivas is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FMLA.

Page **1** of **12**

3. Defendant Farmasi US LLC (from now on, Farmasi, or Defendant) is a Florida corporation with a business in Miami-Dade County, Florida. Defendant Farmasi was and is engaged in interstate commerce.

4. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 USC §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Dade County, within the jurisdiction of this Honorable Court.

Allegations Common to all Counts

5. Plaintiff Jennyfer C. Vivas is a 48-year-old qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, employed by Defendant. Accordingly, Plaintiff is a covered employee within the meaning of the FMLA.

6. Defendant Farmasi is a manufacturer and distributor of cosmetics, skin care products, and nutritional supplements. Defendant has facilities located at 2335 NW 107th Avenue, suite 2C01 Miami, Florida 33172, where Plaintiff worked.

7. Defendant Farmasi is engaged in an industry affecting commerce, employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Accordingly, Defendant is a covered employer within the meaning of the FMLA.

8. Defendant Farmasi employed Plaintiff Jennyfer C. Vivas from approximately October 09, 2019, to June 27, 2022, or 142 weeks.

9. Plaintiff was hired as a full-time warehouse employee working 40 hours or more. Plaintiff was a production employee, and she had duties picking and packing orders. At the time of her termination, Plaintiff's wage rate was $14.50 an hour.

10. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

11. Defendant hired Plaintiff to work the evening shift from 4:00 PM to 11:00 PM.

12. On or about January 2020, Defendant changed the entire evening shift, including Plaintiff, to work the day shift from 9:00 AM, 6:30 AM, and 7:00 AM to 5:00, 2:30, or 3:30 PM.

13. This schedule change put Plaintiff in trouble since she had to take her three-year-old son to daycare before going to work.

14. Plaintiff explained to manager David Restrepo that she had a three-year autistic son and that she had to leave the child at the daycare at 7:00 AM before going to work. Thus, she would need to arrive at work at 7:30 AM. Plaintiff also explained to the manager that twice a week, she would need to take her son to therapy. Thus she would need to leave at least one hour earlier, and finally, due to the illness of the child, she would miss two to four days per month to take her son to medical appointments.

15. Plaintiff also explained that sometimes due to his condition, the child refused to stay at the daycare, and she had to wait a little bit more until the child remained calm and relaxed. It was a requirement of the daycare and the right thing to do.

16. The manager approved Plaintiff's request for a flexible schedule to take care of her son, and Plaintiff worked without further inconveniences throughout 2020 and part of 2021,

17. However, on or about July 2021, manager David Restrepo left, and a new manager Sercan Yilmaz became the new manager.

18. At that time, Plaintiff had approximately 20 months, or more than 90 weeks working with Farmasi.

19. After the new manager Sercan Yilmaz took over, the problems for Plaintiff began. Sercan Yilmaz objected to Plaintiff's previously approved flexible schedule and questioned Plaintiff about the reasons. Plaintiff explained everything in detail to him, and supervisor Victor Bacareza requested Plaintiff to bring documents proving that she had to take her son to daycare in the morning and therapy twice per week. Plaintiff provided everything timely.

20. At any moment, Defendant notified Plaintiff about her eligibility status and rights and responsibilities under the FMLA. Defendant did not inform Plaintiff that her circumstances qualified her to take an intermittent FMLA leave or a reduced schedule to take care of her son's serious health condition.

21. Instead, Plaintiff began to suffer harassment and a hostile working environment because she arrived after 7:00 AM, and twice per week, she left one hour early to take her son to therapy. Defendant made many efforts to cause Plaintiff's voluntary resignation.

22. On or about January 2022, Plaintiff's working hours began to decrease. Eventually, Plaintiff's working hours were reduced from 40 to 25 hours weekly.

23. Plaintiff was harassed, falsely accused of not working on certain dates after her daily worksheets disappeared. Plaintiff was given verbal reprimands and unfair warnings. Plaintiff never accepted any wrongdoing and provided evidence of her good performance.

24. Finally, on or about June 27, 2022, Defendant fired Plaintiff, alleging tardiness and absenteeism.

25. Therefore, on or about June 27, 2022, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

26. Defendant Farmasi is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654), and Plaintiff was entitled to the FMLA leave. However, Defendant interfered with Plaintiff's protected rights under the FMLA. Defendant, in complete disregard of Plaintiff's rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of an FMLA-protected leave and then continuing her job in her original position or an equivalent position.

27. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

28. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

29. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act, and any other remedy, as allowable by law.

**COUNT I:**
**VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993;**

## **INTERFERENCE WITH FMLA RIGHTS**

30. Plaintiff Jennyfer C. Vivas re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-29 above as if set out in full herein.

31. This is an action against corporate Defendant Farmasi for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

32. At all times relevant and material, Defendant Farmasi is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

33. Plaintiff Jennyfer C. Vivas is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

34. Defendant Farmasi employed Plaintiff Jennyfer C. Vivas from approximately October 09, 2019, to June 27, 2022, or more than two years and eight months, or 142 weeks.

35. Plaintiff was hired as a full-time production employee. At the time of her termination, Plaintiff's wage rate was $14.50 an hour.

36. Plaintiff had worked for Farmasi for more than 1,250 hours in the 12 months preceding her need for medical leave.

37. At all times material, Plaintiff was qualified to perform her job as a production employee within the legitimate expectations of her Employer.

38. Plaintiff was eligible for the FMLA's protection

39. Farmasi was an Employer covered by the FMLA provisions.

40. Plaintiff was entitled to intermittent leave under the FMLA to take care of a qualified family member.

41. Plaintiff provided sufficient notice of her need to take an intermittent FMLA leave.

42. Defendant Farmasi denied Plaintiff FMLA benefits to which she was entitled.

43. Defendant took materially adverse actions against Plaintiff and terminated her employment and benefits because she exercised rights protected under FMLA

44. On or about June 27, 2022, Defendant terminated Plaintiff, falsely alleging absenteeism and tardiness.

45. Defendant deprived Plaintiff of FMLA entitlement by failing to inform her about her right under the FMLA.

46. Therefore, on about June 27, 2022, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

47. Defendant Farmasi is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Accordingly, Defendant interfered with Plaintiff's rights.

48. 29 US CODE § 2615 states in pertinent part:

    **a) Interference with rights**
    **(1) Exercise of rights**
    It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter.
    **(2) Discrimination**

    It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

49. Plaintiff was entitled to an FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of FMLA to take care of her son suffering from a serious health condition and then continuing her job in her original position or any equivalent position.

50. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's

substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter"

51. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present, and will continue in the future.

52. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff Jennyfer C. Vivas respectfully requests that this Honorable Court will grant judgment:

A. Finding that Farmasi's actions towards Plaintiff to be violative of Plaintiff's rights under the FMLA;

B. Awarding Plaintiff Jennyfer C. Vivas payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

 C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

 D. Granting such other and further relief as is just and proper;

 E. Awarding Plaintiff costs, including a reasonable attorney's fee.

Demand for a Jury Trial

Plaintiff Jennyfer C. Vivas demands a trial by jury of all issues triable as right by jury.

**COUNT II:**
**VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993**
**RETALIATION FOR EXERCISING FMLA RIGHTS**

53. Plaintiff Jennyfer C. Vivas re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-29 above as if set out in full herein.

54. This is an action against corporate Defendant Farmasi for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

55. At all times relevant and material, Defendant Farmasi is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

56. Plaintiff Jennyfer C. Vivasis a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

57. Defendant Farmasi employed Plaintiff Jennyfer C. Vivas from approximately October 09, 2019, to June 27, 2022, or more than two years and eight months, or 142 weeks.

58. Plaintiff was hired as a full-time production employee. At the time of her termination, Plaintiff's wage rate was $14.50 an hour.

59. Plaintiff had worked for Farmasi for more than 1250 hours in the 12 months preceding her need for medical leave.

60. At all times material, Plaintiff was qualified to perform her job as a production employee within the legitimate expectations of her Employer.

61. Plaintiff engaged in statutorily protected conduct by requesting an intermittent leave.

62. However, Defendant failed to inform Plaintiff about her rights under the FMLA and denied Plaintiff's request for a qualified FMLA leave to take care of a qualified family member.

63. Plaintiff was harassed and suffered a hostile working environment because of her attempts to exercise protected rights under the FMLA.

64. On or about June 27, 2022, Defendant terminated Plaintiff, alleging absenteeism and tardiness.

65. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

66. There is a causal link between Plaintiff's protected activity and the adverse action.

67. Plaintiff was wrongfully terminated from her position in retaliation for exercising her rights under the Act, thereby adversely affecting Plaintiff.

68. Defendant Farmasi is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Defendant retaliated against Plaintiff violating 29 US CODE § 2615 and 29 CFR § 825.220, which states in pertinent part:

> § 825.220 Protection for employees who request leave or otherwise assert FMLA rights.
>
> **(a)** The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

    **(1)** An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

    **(2)** An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

69. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining the benefits of FMLA leave of absence to take care of a qualified family member, and then continuing her job in her original position or any equivalent position.

70. Defendant willfully and wantonly denied or otherwise interfered and retaliated against Plaintiff for her attempts to exercise substantive rights under the Family Medical Leave Act.

71. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

72. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Jennyfer C. Vivas respectfully requests that this Honorable Court will grant judgment:

    A. Finding that Farmasi's actions toward Plaintiff are violative of the Plaintiff's rights under the FMLA.

B. Awarding Plaintiff Jennyfer C. Vivas payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

<u>Jury Demand</u>

Plaintiff Jennyfer C. Vivas demands a trial by a jury of all issues triable as of right by jury.

DATED: November 15, 2022

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:  (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*